EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



[ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
[X] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
[ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO:** Any proper officer

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street Bridgeport, CT 06610 | (203) 579 – | 9/13/2022 |

| [X] Judicial District   [ ] Housing Session | G.A. Number: | At (City/Town) Bridgeport | Case type code (See list on page 2) Major: c   Minor: 40 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented | Juris number |
|---|---|
| Law Office of Joseph P Sargent LLC, 1595 Black Rock Turnpike Fairfield, CT 06825 | 410811 |

Telephone number: (203) 273 – 6730

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [X] Yes [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed): jps@sargentlaw.net

| Parties | Name (Last, First, Middle Initial) and address of each party | |
|---|---|---|
| First plaintiff | Name: VoXcell Cloud, LLC  Address: 263 Tresser Blvd, 9th Floor, Stamford, CT | P-01 |
| Additional plaintiff | Name:  Address: | P-02 |
| First defendant | Name: EvoHealth LLC C/O Connecticut Secretary of State, as agent  Address: and 223 S. West St, Ste. 900, Raleigh, NC 27603 | D-01 |
| Additional defendant | Name:  Address: | D-02 |
| Additional defendant | Name:  Address: | D-03 |
| Additional defendant | Name:  Address: | D-04 |

Total number of plaintiffs: 1    Total number of defendants: 1    [ ] Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [X] Commissioner of Superior Court  [ ] Clerk | Name of person signing  Joseph P. Sargent |
|---|---|---|---|
| 7/28/2022 | | | |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

Attest: True Copy
Thomas Foldy
State Marshal Fairfield County

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Print Form    Page 1 of 2    Reset Form

| | |
|---|---|
| **RETURN DATE: SEPTEMBER 13, 2022** | |
| | :    **SUPERIOR COURT** |
| **VOXCELL CLOUD DBA LIFEVOXEL** | :    **J.D. OF FAIRFIELD** |
|     **PLAINTIFF** | : |
| V. | : |
| | :    **AT BRIDGEPORT** |
| **EVOHEALTH LLC** | : |
|     **DEFENDANT** | :    **JULY 22, 2022** |

## COMPLAINT

### Introduction

This is a declaratory judgment action brought under Connecticut General Statutes § 52-29, seeking, among other things, a judgment defining Plaintiff's obligations to provide software related products and services to the Defendant and its customers after the Defendant materially breached an agreement by failing to pay more than $ 340,000.00 in royalty fees to the Plaintiff over a 10-month period.

### General Allegations

1) The Plaintiff, VoXcell Cloud, LLC, is a Connecticut limited liability company, having a place of business at 263 Tresser Blvd, 9th Floor, Stamford, CT with registered DBA of LifeVoxel ("LifeVoxel").

2) The Defendant, EvoHealth LLC, a Delaware company, having its principal place of business at 223 S. West St, Ste. 900, Raleigh, NC ("EvoHealth").

3) Generally speaking, LifeVoxel is a software developer and the owner of certain software and intellectual property (the "Products") that provide medical imaging solutions to healthcare providers.

4) EvoHealth holds itself out has having experience and expertise in commercializing products such as the Products to its customers, which are medical imaging centers, orthopedic

1

centers, cardiovascular centers, and other physician offices (the "customers").

5) LifeVoxel and EvoHealth entered into a Commercialization Agreement (the "Agreement") effective as of July 23, 2020, which was amended by way of addendums on or about December 7, 2020, March 1, 2021, and April 21, 2022.

6) The purpose of the Agreement for LifeVoxel to provide a license to EvoHealth to use its Products to power its Fuse Platform, which is sold to its customers to meet their medical imaging needs.

7) Pursuant to the Agreement, while LifeVoxel provided the software, EvoHealth was responsible for providing the hardware and system administration for the Fuse Platform upon which the software was to run, unless EvoHealth and LifeVoxel entered into separate written agreement to have LifeVoxel provide other services.

8) Pursuant to the Agreement, as amended, during the relevant time EvoHealth agreed to pay a royalty fee to LifeVoxel for the Product equal to sixteen percent (16%) of gross sales from contracts with the customers, or $ 40,000.00 per month, whichever is less.

9) Upon information and belief, EvoHealth collected payments from its customers in advance, and pursuant to the contracts with its customers, EvoHealth is obligated to provide the Fuse Platform (and the Product) to its customers for several years, in some cases, for 5 or more years.

10) Upon information and belief, EvoHealth collected more than $2,300,000.00 from its Fuse Platform customers and entered into approximately 40 contracts with its customers.

11) For the most part, EvoHealth made its monthly royalty payments to LifeVoxel, but chose to stop paying in October of 2021, without providing LifeVoxel an explanation why.

12) Over the following month EvoHealth promised to come current on its payments, but

never did.

13) In the interest of patient care, and in good faith hopes that EvoHealth would pay its bills. LifeVoxel continued to provide its Product and services.

14) LifeVoxel substantially performed its obligations under the Agreement.

15) EvoHealth materially breached the Agreement in that they:

    a) **failed** to pay the license and royalty fees since October 2021 without good cause. At the time this complaint is filed, EvoHealth is more than $340,000.00 behind it its payments.

    b) **failed** to submit a Commercialization Plan for LifeVoxel's review and approval.

    c) **failed** to meet their obligations to maintaining their hardware and system administration for the Fuse Platform to support the use of the Products, resulting avoidable risks to patient care;

    d) failed to take reasonable steps to maintain their servers and ignored LifeVoxel advice concerning server failures resulting avoidable risks to patient care; and

    e) **failed to pay** their internet and firewall management fee since October 2021, despite internet being crucial to the access of medical records for patient care and firewall management being essential to HIPAA compliance.

16) EvoHealth also breached its implied obligation of good faith and fair dealing by failing to fulfill its explicit and implied obligations under the Agreement concerning hardware and administration, while and demanding that LifeVoxel continue perform its obligations under the Agreement as well as hardware and administration services for free under the threat that EvoHealth's customers will sue both EvoHealth and LifeVoxel if they do not.

17) LifeVoxel provided EvoHealth with a written notice of default.

18) EvoHealth did not cure the default within the cure period pursuant to the Agreement.

19) As a result of the failure to cure the material breaches, LifeVoxel terminated the Agreement and provided written notice to EvoHealth that as a result of its material breach, LifeVoxel was relieved of its future obligations to perform under the Agreement.

20) EvoHealth now claims that pursuant to the Agreement, LifeVoxel must continue to provide the Product and services for free to each of EvoHealth's customers for the duration of each customers' contract, all while EvoHealth keep all of the money it collected from the customers.

21) However, it is unsustainable for LifeVoxel to continue to provide the Products and related services to EvoHealth and its customers, in some cases for several more years, without the agreed upon payment.

22) LifeVoxel denies that it is obligated to provide the Product and services to EvoHealth for free and asserts that as a result of EvoHealth's material breach of the Agreement, LifeVoxel is relieved of all future performance of its obligations or duties under the Agreement.

**Count One (Declaratory Judgment)**

Paragraphs 1- 22 of the General Allegations are realleged as paragraphs 1-22 of this Count.

23) LifeVoxel has an interest, legal or equitable, by reason of danger of loss of uncertainty as to its rights or other jural relations under the Agreement.

24) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations between LifeVoxel and EvoHealth which requires settlement between the parties.

25) EvoHealth's current Fuse Platform customers have an interest in the subject matter of the requested declaratory judgment that is direct, immediate and adverse to the interest of EvoHealth,

4

and have been given reasonable notice by way of certified and/or registered mail, return receipt requested, including:

    Boyette Ortho
    Cape Fear Hoke Hospital
    Cape Fear Ortho
    Cape Fear Pinehurst
    Cape Fear Ramsey
    Caring Medical
    Daytona Heart
    Kidney and Hypertension Transplant Specialists
    Leighton Ortho
    LVNOVATIO
    New Braunfels
    Ozark Regional
    Quality Urgent Care
    Surgery Center of Fairbanks
    Terry Reilly Health Services
    Total Access Urgent 01-30
    Action Orthopedic
    Altoona
    Brahms, Cohn and Leb Orthopedics
    Central North Alabama Health
    Dallas Sarcoma
    Dayspring
    First Physicians
    Monticello Medical Clinic
    Morrilton Medical Clinic
    Orthopedic Center of Arlington
    Owens Community
    Perimeter Ortho Main
    Perimeter Ortho Woodstock
    Quality Family Care(Quick Care)
    Riceland
    SEMO Bernie
    Skyline Orthopedics

26) Therefore, LifeVoxel seeks a declaratory judgment:

a) EvoHealth materially breached the Agreement;

b) As a result of the material breaches of the Agreement, LifeVoxel is relieved of its obligations and duties to perform under the Agreement, including any duties or obligations to EvoHealth or its customers; and

c) EvoHealth must pay LifeVoxel the consideration owed under the Agreement for LifeVoxel continuing to provide Product and services until this claim for declaratory judgment which is a final non-appealable adjudication of this claim.

**Count Two (Breach of Contract)**

Paragraphs 1-26 of Count One are realleged as paragraphs 1-26 of this Count.

27) As a result of EvoHealth's material breach of the Agreement, LifeVoxel has suffered damages, losses and harm.

**Count Three (Breach of Implied Contract)**

Paragraphs 1 through 27 of Count Two are realleged as paragraphs 1 through 27 of this Count Three.

28) To the extent that an express contract between the parties was not created for any reason, LifeVoxel and EvoHealth's conduct constitutes an implied contract with respect to LifeVoxel providing EvoHealth with the Products and services in exchange for compensation.

29) LifeVoxel performed their obligations under this implied contract indicating that they expected to be paid for the Products and services.

30) EvoHealth knew that LifeVoxel intended to be paid for the Product and services, and by their words and conduct their acknowledged that they knew LifeVoxel intended to be paid for the Products and services and EvoHealth acknowledged these obligations.

31) EvoHealth breached the implied contract by failing to pay the agreed-upon consideration in exchange for the Products and services.

32) As a result of the breach of the implied contract, LifeVoxel suffered damages, harm, and losses.

**Count Four (Unjust Enrichment)**

Paragraphs 1 through 32 of Count Three are realleged as paragraphs 1 through 32 of Count Four.

33) EvoHealth benefited by their use of the Products and services provided by LifeVoxel.

34) EvoHealth unjustly did not pay LifeVoxel for the Products and services.

35) The failure of EvoHealth to pay for the Products and services was to LifeVoxel's detriment.

**Count Five (Quantum Meruit)**

Paragraphs 1 through 35 of Count Three are realleged as paragraphs 1 through 35 of Count Five.

36) EvoHealth enjoyed the use of the Products and services provided by LifeVoxel.

37) EvoHealth knowingly used the Products and services and enjoyed the benefit, and it would be unjust and inequitable for EvoHealth to not to pay LifeVoxel for the value of the Products and services they received.

**Count Six (Business Disparagement)**

Paragraphs 1 through 37 of Count Five are realleged as paragraphs 1 through 37 of Count Six.

38) EvoHealth failed to meet their obligations to maintaining their hardware and system administration for the Fuse Platform to support the use of the Products, resulting avoidable risks to patient care and damaging the reputation of LifeVoxel software.

7

39) It has been reported to LifeVoxel that EvoHealth has falsely blamed its failure to administer its Fuse Platform on LifeVoxel.

40) EvoHealth made false and defamatory statements about LifeVoxel, their business practices, their goods and/or their services, to third parties, blaming them for EvoHealth's failures.

41) As a result of these false statements LifeVoxcel has suffer damages, harm and losses.

*Wherefore* the Plaintiffs seek the following relief:

    a. Declaratory judgment that:

        i. EvoHealth materially breached the Agreement;

        ii. As a result of the material breaches of the Agreement, LifeVoxel is relieved of its obligations to perform under the Agreement, including any duties or obligations to EvoHealth or its customers; and

        iii. EvoHealth must pay LifeVoxel the consideration owed under the Agreement for LifeVoxel continuing to provide Product and services until this claim for declaratory judgment which is a final non-appealable adjudication of this claim.

    b. compensatory damages.

    c. pre-and post-judgment interest; and

    d. such other relief as the Court deems just and equitable.

By: LIFEVOXEL

*Joe Sargent*

Joseph P. Sargent (SBN 410811)
1595 Black Rock Turnpike
Fairfield CT 06824
T(203) 273-6730
F(203) 659-7360
Josephpsargent@optonline.net

Certification

Pursuant to Practice Book § 17-56(b), all persons who have an interest in the subject matter of the requested declaratory judgment that is direct, immediate and adverse to the interest of one or more of the plaintiffs or defendants in the action have been given reasonable notice.

*Joe Sargent*

Joseph P. Sargent

9