UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VOXCELL CLOUD LLC DBA LIFEVOXEL<br>    Plaintiff,<br><br>    v.<br><br>EVOHEALTH LLC.<br>    Defendants. | :<br>:<br>: CIVIL ACTION NO. **3:22-cv-01079-JBA**<br>:<br>:<br>: September 13, 2022<br>:<br>: |

## AMENDED COMPLAINT

**Introduction**

    This Amended Complaint is filed with the consent of the Defendant, EvoHealth LLC.

    This is a breach of contract and a declaratory judgment action brought under Connecticut General Statutes § 52-29, seeking, among other things, a judgment defining Plaintiff's obligations to provide software related products and services to the Defendant and its customers after the Defendant materially breached an agreement by failing to pay more than $ 340,000.00 in royalty fees to the Plaintiff over a 10-month period.

**Jurisdiction and Venue**

    1)   Jurisdiction in this case is based upon diversity.  42 U.S.C § 1332.

    2)   Venue is appropriate based upon a choice of forum clause in the contract between the parties.

**General Allegations**

    3)   The Plaintiff, VoXcell Cloud, LLC, is a Connecticut limited liability company, having a place of business at 263 Tresser Blvd, 9th Floor, Stamford, CT with registered DBA of LifeVoxel ("LifeVoxel").

    4)   The Defendant, EvoHealth LLC, a Delaware company, having its principal place of business at 223 S. West St, Ste. 900, Raleigh, NC ("EvoHealth").

5) Generally speaking, LifeVoxel is a software developer and the owner of certain software and intellectual property (the "Products") that provide medical imaging solutions to healthcare providers.

6) EvoHealth holds itself out has having experience and expertise in commercializing products such as the Products to its customers, which are medical imaging centers, orthopedic centers, cardiovascular centers, and other physician offices (the "customers").

7) LifeVoxel and EvoHealth entered into a Commercialization Agreement (the "Agreement") effective as of July 23, 2020, which was amended by way of addendums on or about December 7, 2020, March 1, 2021, and April 21, 2022.

8) The purpose of the Agreement for LifeVoxel to provide a license to EvoHealth to use its Products to power its Fuse Platform, which is sold to its customers to meet their medical imaging needs.

9) Pursuant to the Agreement, while LifeVoxel provided the software, EvoHealth was responsible for providing the hardware and system administration for the Fuse Platform upon which the software was to run.

10) The Agreement provided that if additional services were needed, the parties would enter into a separate written agreement setting forth the scope of the work and the budget.

11) The Agreement provides that it may only be amended, modified, or supplemented by an agreement in writing signed by each of the Parties.

12) Pursuant to the Agreement, as amended, during the relevant time, period EvoHealth agreed to pay a royalty fee to LifeVoxel for the Product equal to sixteen percent (16%) of gross sales from contracts with the customers, or $ 40,000.00 per month, whichever is more.

13) Upon information and belief, EvoHealth collected payments from its customers in

advance, and pursuant to the contracts with its customers, EvoHealth is obligated to provide the Fuse Platform (which runs on the Product) to its customers for several years, in some cases for 5 or more years.

14) Upon information and belief, EvoHealth collected more than $2,300,000.00 from its Fuse Platform customers and entered into approximately 60 contracts with its customers.

15) For the most part, EvoHealth made its monthly royalty payments to LifeVoxel, but chose to stop paying in October of 2021, without providing LifeVoxel an explanation why.

16) Over the following months EvoHealth asked for more time to pay, but never came current on its payments.

17) In the interest of patient care, and in good faith hopes that EvoHealth would pay its bills, LifeVoxel continued to provide its Product and services to EvoHealth.

18) LifeVoxel substantially performed its obligations under the Agreement.

19) EvoHealth materially breached the Agreement in that they:

   a. failed to pay the license and royalty fees since October 2021 without good cause. At the time this complaint is filed, EvoHealth is more than $340,000.00 behind it its payments.

   b. failed to submit a Commercialization Plan for LifeVoxel's review and approval.

   c. failed to meet their obligations to maintaining their hardware and system administration for the Fuse Platform to support the use of the Products, resulting avoidable risks to patient care;

> d.  failed to take reasonable steps to maintain their servers and ignored LifeVoxel advice concerning server failures resulting avoidable risks to patient care; and
>
> e.  failed to pay their internet and firewall management fee since October 2021, despite internet being crucial to the access of medical records for patient care and firewall management being essential to HIPAA compliance.

20)    EvoHealth also breached its implied obligation of good faith and fair dealing by failing to fulfill its explicit and implied obligations under the Agreement concerning hardware and administration, while and demanding that LifeVoxel continue perform its obligations under the Agreement as well as hardware and administration services for free under the threat that EvoHealth's customers will sue both EvoHealth and LifeVoxel if they do not.

21)    LifeVoxel provided EvoHealth with a written notice(s) that they were in default.

22)    EvoHealth did not cure the defaults within the cure period pursuant to the Agreement.

23)    As a result of the failure to cure the material breaches, LifeVoxel terminated the Agreement and provided written notice to EvoHealth that as a result of its material breach, LifeVoxel was relieved of its future obligations to perform under the Agreement.

24)    EvoHealth now claims that pursuant to the Agreement, LifeVoxel must continue to provide the Product and services for no compensation to each of EvoHealth's customers for the duration of each customers' contract, all while

EvoHealth keeps all of the money it collected from the customers.

25) EvoHealth claims that LifeVoxel must provide administrative and hardware services without compensation, despite the fact that there is no provision for such an obligation in the contract.

26) EvoHealth has threatened that if LifeVoxel does not provide its products and services without compensation, as well as administrative and hardware services, the customer's patient's care will suffer and will expose LifeVoxel to liability.

27) However, it is unsustainable for LifeVoxel to continue to provide the Products and related services to EvoHealth and its customers, without the agreed upon payment and compensation.

28) It is also unsustainable for LifeVoxel to provide EvoHealth and its customers with administrative and hardware services without the parties entering into separate written agreements defining the scope of such services and without EvoHealth paying for these services.

29) LifeVoxel denies that it is obligated to provide the Product and services to EvoHealth for no consideration and asserts that as a result of EvoHealth's material breaches of the Agreement, LifeVoxel is relieved of all future performance of its obligations or duties under the Agreement.

**Count One (Declaratory Judgment)**

Paragraphs 1- 29 of the General Allegations are realleged as paragraphs 1-29 of this Count.

30) LifeVoxel has an interest, legal or equitable, by reason of danger of loss of uncertainty as to its rights or other jural relations under the Agreement.

31) There is an actual bona fide and substantial questions or issues in dispute or

substantial uncertainty of legal relations between LifeVoxel and EvoHealth which requires settlement between the parties.

32) EvoHealth's Fuse Platform customers may have an interest in the subject matter of the requested declaratory judgment that is direct, immediate, and adverse to the interest of EvoHealth, and have been given reasonable notice by way of certified and/or registered mail, return receipt requested, including:

Action Orthopedic
Altoona
Boyette Ortho
Brahms, Cohn and Leb Orthopedics
Cape Fear Hoke Hospital
Cape Fear Ortho
Cape Fear Pinehurst
Cape Fear Ramsey
Caring Medical
Central North Alabama Health
College of Healthcare Professions
Cyrus Diagnostics
Dallas Sarcoma
Dayspring
Daytona Heart
First Choice Community Health Centers
First Physicians
Heart of Texas
Hendersonville - Prov
Hilltop - Elk Grove
Hilltop - Richmond
Ivy Creek
Ivy Creek
Jingling - Medscan
Kidney and Hypertension Transplant Specialists
Leighton Ortho
 Longhorn Imaging
Longhorn Imaging - Cedar Park
Longhorn Imaging - James Casey

Longhorn Imaging - Killeen
Longhorn Imaging - Parmer Lane
Longhorn Imaging - Rollingwood
Longhorn Imaging -Bastrop
Longhorn Onion Creek
LVNOVATIO
Mars Hill-Prov
Medicom
Monticello Medical Clinic
Monument 9A
Morrilton Medical Clinic
New Braunfels
New Horizons - Prov
North Texas
Orthopedic Center of Arlington
Owens Community
Ozark Regional
Park Duvalle
Perimeter Ortho Main
Perimeter Ortho Woodstock
Providence - Ashville
Providence - Mars Hill
Providence - New Horizons
Quality Family Care(Quick Care)
Quality Urgent Care
Riceland
RM Imaging
SEMO Bernie
Skyline Orthopedics
Surgery Center of Fairbanks
Terry Reilly Health Services
The ODC
Total Access Urgent 01-30
UNF
University of North Florida

33) Therefore, LifeVoxel seeks a declaratory judgment:

    a) EvoHealth materially breached the Agreement;

    b) As a result of the material breaches of the Agreement, LifeVoxel is relieved of its

  obligations and duties to perform under the Agreement, including any duties or obligations to EvoHealth or its customers; and

  c) EvoHealth must pay LifeVoxel all consideration owed under the Agreement for LifeVoxel to be obligated to continue to provide Product and services to EvoHealth and its customers until this claim for declaratory judgment is adjudicated in a final non-appealable judgment of this claim.

**Count Two (Breach of Contract)**

Paragraphs 1-33 of Count One are realleged as paragraphs 1-33 of this Count.

34) As a result of EvoHealth's material breach of the Agreement, LifeVoxel has suffered damages, losses and harm.

**Count Three (Breach of Implied Contract)**

Paragraphs 1 through 34 of Count Two are realleged as paragraphs 1 through 34 of this Count Three.

35) To the extent that an express contract between the parties was not created for any reason, LifeVoxel and EvoHealth 's conduct constitutes an implied contract with respect to LifeVoxel providing EvoHealth with the Products and services in exchange for compensation.

36) LifeVoxel performed their obligations under this implied contract indicating that they expected to be paid for the Products and services.

37) EvoHealth knew that LifeVoxel intended to be paid for the Product and services, and by their words and conduct their acknowledged that they knew LifeVoxel intended to be paid for the Products and services and EvoHealth acknowledged these obligations.

38) EvoHealth breached the implied contract by failing to pay the agreed-upon

consideration in exchange for the Products and services.

39) As a result of the breach of the implied contract, LifeVoxel suffered damages, harm, and losses.

**Count Four (Unjust Enrichment)**

Paragraphs 1 through 39 of Count Three are realleged as paragraphs 1 through 39 of Count Four.

40) EvoHealth benefited by their use of the Products and services provided by LifeVoxel.

41) EvoHealth unjustly did not pay LifeVoxel for the Products and services

42) EvoHealth benefited by their use of the Products and services provided by LifeVoxel.

EvoHealth unjustly did not pay LifeVoxel for the Products and services.  \

The failure of EvoHealth to pay for the Products and services was to LifeVoxel's detriment.

**Count Five (Quantum Meruit)**

Paragraphs 1 through 42 of Count Three are realleged as paragraphs 1 through 42 of Count Five.

43) EvoHealth enjoyed the use of the Products and services provided by LifeVoxel.

44) EvoHealth knowingly used the Products and services and enjoyed the benefit, and it would be unjust and inequitable for EvoHealth to not to pay LifeVoxel for the value of the Products and services they received.

**Count Six (Business Disparagement)**

Paragraphs 1 through 44 of Count Five are realleged as paragraphs 1 through 44 of Count Six.

45) EvoHealth failed to meet their obligations to maintaining their hardware and system

administration for the Fuse Platform to support the use of the Products, resulting avoidable risks to patient care and damaging the reputation of LifeVoxel software.

46) It has been reported to LifeVoxcel that EvoHealth has falsely blamed its failure to administer its Fuse Platform on LifeVoxel. EvoHealth made false and defamatory statements about LifeVoxel, their business practices, their goods and/or their services, to third parties, blaming them for EvoHealth's failures.

47) As a result of these false statements LifeVoxcel has suffer damages, harm and losses.

*Wherefore* the Plaintiff seek the following relief:

    a. Declaratory judgment that:

        i.  EvoHealth materially breached the Agreement;

        ii. As a result of the material breaches of the Agreement, LifeVoxel is relieved of its obligations and duties to perform under the Agreement, including any duties or obligations to EvoHealth or its customers; and

        iii. EvoHealth must pay LifeVoxel all consideration owed under the Agreement for LifeVoxel to be obligated to continue to provide Product and services to EvoHealth and its customers until this claim for declaratory judgment is adjudicated in a final non-appealable judgment of this claim.

    b. compensatory damages.

    c. pre-and post-judgment interest; and

    d. such other relief as the Court deems just and equitable.

**Plaintiff Requests Jury by Trial**

By: LIFEVOXEL

_____
Joseph P. Sargent (SBN 410811)
1595 Black Rock Turnpike
Fairfield CT 06824
T(203) 273-6730
F(203) 659-7360
Josephpsargent@optonline.net

Certification

I hereby certify that on September 13, 2022  the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system.

.

Joseph P. Sargent