UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VOXCELL CLOUD DBA LIFEVOXEL, Plaintiff, | ) ) ) ) | |
| | ) | CIVIL ACTION No. 3:22-cv-01079-JBA |
| v. | ) ) | |
| EVOHEALTH, LLC, Defendant. | ) ) ) | October 4, 2022 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE

### AND COUNTERCLAIMS

### ANSWER

**General Allegations**

1) The Defendant admits the allegations contained in paragraph 1.

2) The Defendant admits the allegations contained in paragraph 2.

3) The Defendant admits the allegations contained in paragraph 3.

4) The Defendant admits the allegations contained in paragraph 4.

5) The Defendant neither admits nor denies the allegations contained in paragraph 5, and leaves the Plaintiff to its proof.

6) The Defendant admits the allegations contained in paragraph 6.

7) The Defendant admits the allegations contained in paragraph 7.

8) The Defendant neither admits nor denies the allegations contained in paragraph 8, and leaves the Plaintiff to its proof.

9) The Defendant admits the allegations contained in paragraph 9.

10) The Defendant denies the allegations contained in paragraph 10.

11) The Defendant admits the allegations contained in paragraph 11.

12) The Defendant admits the allegations contained in paragraph 12.

13) The Defendant denies the allegations contained in paragraph 13.

14) The Defendant denies the allegations contained in paragraph 14.

15) As to the allegations contained in paragraph 15, the Defendant admits only that EvoHealth made its monthly royalty payments to LifeVoxel until it stopped paying around October of 2021. The Defendant denies the remaining allegations in paragraph 15.

16) The Defendant denies the allegations contained in paragraph 16.

17) The Defendant neither admits nor denies the allegations contained in paragraph 17, and leaves the Plaintiff to its proof.

18) The Defendant denies the allegations contained in paragraph 18.

19) As to the allegations contained in paragraph 19, the Defendant

   a. Admits only that it stopped paying the license and royalty fees in October 2021. The Defendant denies the remaining allegations contained in paragraph 19(a).

   b. The Defendant denies the allegations contained in paragraph 19(b).

   c. The Defendant denies the allegations contained in paragraph 19(c).

   d. The Defendant denies the allegations contained in paragraph 19(d).

   e. The Defendant denies the allegations contained in paragraph 19(e).

20) The Defendant denies the allegations contained in paragraph 20.

21) The Defendant admits the allegations contained in paragraph 21.

22) The Defendant denies the allegations contained in paragraph 22.

23) The Defendant denies the allegations contained in paragraph 23.

24) The Defendant denies the allegations contained in paragraph 24.

25) The Defendant denies the allegations contained in paragraph 25.

26) The Defendant admits the allegations contained in paragraph 26.

27) The Defendant neither admits nor denies the allegations contained in paragraph 27, and leaves the Plaintiff to its proof.

28) The Defendant neither admits nor denies the allegations contained in paragraph 28, and leaves the Plaintiff to its proof.

29) The Defendant denies the allegations contained in paragraph 29.

**Count One (Declaratory Judgment)**

30) The Defendant denies the allegations contained in paragraph 30.

31) The Defendant neither admits nor denies the allegations contained in paragraph 31, and leaves the Plaintiff to its proof.

32) The Defendant neither admits nor denies the allegations contained in paragraph 32, and leaves the Plaintiff to its proof.

33) The Defendant denies the allegations contained in paragraph 33 a-c.

**Count Two (Breach of Contract)**

34) The Defendant denies the allegations contained in paragraph 34.

**Count Three (Breach of Implied Contract)**

35) The Defendant denies the allegations contained in paragraph 35.

36) The Defendant denies the allegations contained in paragraph 36.

37) The Defendant denies the allegations contained in paragraph 37.

38) The Defendant denies the allegations contained in paragraph 38.

39) The Defendant denies the allegations contained in paragraph 39.

**Count Four (Unjust Enrichment)**

40) The Defendant denies the allegations contained in paragraph 40.

41) The Defendant denies the allegations contained in paragraph 41.

42) The Defendant denies the allegations contained in paragraph 42.

**Count Five (Quantum Meruit)**

43) The Defendant denies the allegations contained in paragraph 43.

44) The Defendant denies the allegations contained in paragraph 44.

**Count Six (Business Disparagement)**

45) The Defendant denies the allegations contained in paragraph 45.

46) The Defendant denies the allegations contained in paragraph 46.

47) The Defendant denies the allegations contained in paragraph 47.

**AFFIRMATIVE DEFENSE**

*AFFIRMATIVE DEFENSE AS TO COUNTS ONE – SIX*

The Plaintiff fails to state a claim upon which relief may be granted against Defendant EvoHealth.

**WHEREFORE**, the Defendant EvoHealth requests that the Court:

1. Dismiss the claims alleged in the Plaintiff's Complaint against Defendant EvoHealth with prejudice;

2. Award Defendant EvoHealth its attorney's fees and costs; and

3. Award Defendant EvoHealth any further relief that this Court deems just and appropriate.

## COUNTERCLAIMS BY DEFENDANT EVOHEALTH LLC

The Defendant/Counterclaim Plaintiff EvoHealth, LLC (hereinafter "Defendant EvoHealth" or "EvoHealth"), by and through its counsel, states and alleges as follows:

1) The Defendant, EvoHealth LLC, is a Delaware company, having its principal place of business at 223 S. West St, Ste. 900, Raleigh, NC ("EvoHealth").

2) The Plaintiff, VoXcell Cloud, LLC, is a Connecticut limited liability company, having a place of business at 263 Tresser Blvd, 9th Floor, Stamford, CT with registered DBA of LifeVoxel ("LifeVoxel").

3) EvoHealth and LifeVoxel entered into a contract referred to and/or known as a Commercialization Agreement (the "Agreement") effective as of July 23, 2020, which was amended by way of addendums on or about December 7, 2020, March 1, 2021, and April 21, 2022.

4) Pursuant to the Agreement, LifeVoxel was to provide a license for EvoHealth to use certain software and intellectual property ("LifeVoxel's Products") to power Fuse Platform, which EvoHealth was to sell to its customers in the medical field.

5) Pursuant to the Agreement, and its amendments, during the relevant time EvoHealth agreed to pay a royalty fee to LifeVoxel for the Product equal to sixteen percent (16%) of

gross sales from contracts with the customers, or $ 40,000.00 per month, whichever was less.

6) Over the course of negotiating the Agreement and its subsequent amendments, LifeVoxel made numerous representations about the power and capabilities of LifeVoxel's Products in order to entice EvoHealth to enter into the Agreement.

7) These representations included statements and guarantees that LifeVoxel's Products were or would be substantially completed in their development upon execution of the Agreement. They also included representations about product bandwidth and power capabilities which included promises that LifeVoxel Products were more than sufficient and ready for customers to use effectively in the medical field.

8) Subsequent to execution of the Agreement in July 2020, and in the course of EvoHealth's entering into separate agreements with its customers to provide Fuse Platform, LifeVoxel's Products turned out to be substantially less developed, and further from completion, than LifeVoxel had continually represented to EvoHealth.

9) Prior to and after the initial execution of the Agreement, EvoHealth continued paying LifeVoxel the royalty fees as agreed upon in the Agreement, despite LifeVoxel's Products' multiple issues.

10) After months of misrepresentations that LifeVoxel's Products would be sufficient for customer use, EvoHealth stopped paying the royalty payments in approximately October of 2021.

11) Prior to and throughout this period (October of 2021), despite LifeVoxel's assurances that LifeVoxel's Products would be ready for distribution shortly, LifeVoxel's Products

remained substantially incomplete, lacked sufficient power and bandwidth and faced numerous delays in development.

12) Prior to and throughout this period (October of 2021), despite EvoHealth's repeated attempts to ascertain how much longer development on LifeVoxel's Products would take, LifeVoxel failed to provide accurate information, and often suggested that LifeVoxel's Products were much closer to completion than they actually were.

13) As a result of LifeVoxel's Products being continuously delayed in their development, and as a result of LifeVoxel's misrepresentations about the state of LifeVoxel's Product's development, EvoHealth faced allegations of breach of contract from its customers.

14) EvoHealth stopped paying LifeVoxel the royalty payments because of LifeVoxel's substantial breaches of the Agreement.

**Count One (Breach of Contract)**

15) Paragraphs 1-14 of the Counterclaim are realleged as paragraphs 1-14 of this Count.

16) As a result of LifeVoxel's material breach of the Agreement, EvoHealth has suffered damages, losses and harm.

**Count Two (Breach of Implied Contract)**

17) Paragraphs 1-14 of the Counterclaim are realleged as paragraphs 1-14 of this Count.

18) To the extent that an express contract between the parties was not created for any reason, EvoHealth's and LifeVoxel's conduct constitutes an implied contract with respect to LifeVoxel providing EvoHealth with LifeVoxel's Products that were substantially completed in development in exchange for compensation.

19) EvoHealth performed its obligations under the implied contract indicating they expected LifeVoxel's Products to be substantially completed in their development prior to use in powering Fuse Platform and distribution to EvoHealth's customers.

20) LifeVoxel breached the implied contract by failing to provide LifeVoxel's Products to EvoHealth in a state of substantial completion of development and functioning in exchange for payment of monthly royalty fees.

21) As a result of LifeVoxel's breach of the implied contract, EvoHealth suffered damages, losses and harm.

**Count Three (Unjust Enrichment)**

22) Paragraphs 1-14 of the Counterclaim are realleged as paragraphs 1-14 of this Count.

23) LifeVoxel realized a benefit by EvoHealth's payment of the royalty fees from July 2020 to October 2021.

24) LifeVoxel unjustly did not provide LifeVoxel's Products to EvoHealth in a completed form throughout the relevant time period.

25) LifeVoxel's failure to provide EvoHealth with a completed form of LifeVoxel's Products while continuing to accept royalty payments from EvoHealth was to the detriment of EvoHealth, and EvoHealth suffered damages, losses and harm.

**Count Four (Negligent Misrepresentation)**

26) Paragraphs 1-14 of the Counterclaim are realleged as paragraphs 1-14 of this Count.

27) EvoHealth can successfully establish that LifeVoxel negligently misrepresented the scope and development status of its product.

28) LifeVoxel knew or should have known that the product was not capable, insufficient in power and bandwidth and not fully developed at the time of the Agreement and through October of 2021.

29) EvoHealth justifiably relied on misrepresentations made by LifeVoxel when entering into the Agreement.

30) As a result, EvoHealth has suffered harm.

31) EvoHealth respectfully requests the LifeVoxel be held liable on this claim and requests all appropriate relief be award in its favor.

**Demand for Relief**

The Defendant EvoHealth respectfully requests that a judgment be issued against the Plaintiff and in the Defendant EvoHealth's favor as follows:

A. Award compensatory damages;

B. Award attorneys' fees and costs;

C. Award pre-judgement interest;

D. Award post-judgement interest;

E. Award such other relief in law or equity as this Court deems appropriate.

**Jury Trial Demand**

    The Defendant EvoHealth requests a jury trial on all counts.

THE DEFENDANT,
EVOHEALTH, LLC

By:   /s/David A. Ryan, Jr.
      David A. Ryan, Jr.
      Ryan & Ryan, LLC (421190)
      900 Chapel Street, Suite 621
      New Haven, Connecticut 06510
      Telephone: 203-752-9794
      Facsimile: 203-785-1547
      e-mail:  david.ryan@ryan-ryan.net
      -Its Attorney-

## **CERTIFICATION**

This is to certify that the foregoing was sent to the following counsel and pro se parties of record by first class mail, postage prepaid or electronically on this 4th day of October 2022.

*Via Email*
Joseph P. Sargent
1595 Black Rock Turnpike
Fairfield, Connecticut 06824
T: (203) 273-6730
F: (203) 659-7360
Josephpsargent@optonline.net

                                              __/s/David A. Ryan, Jr.__ _
                                              David A. Ryan, Jr.