UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **VOXCELL CLOUD LLC DBA LIFEVOXEL**<br>**Plaintiff**<br><br>v.<br><br>**EVOHEALTH LLC.**<br>**Defendants.** | :<br>:<br>: CIVIL ACTION NO. <u>3:22-cv-01079-JBA</u><br>:<br>:<br>: **November 9, 2022**<br>:<br>: |

### PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

#### As an Answer to Counterclaims

1) Admitted.

2) Admitted.

3) Admitted.

4) Admitted.

5) Admitted.

6) The Plaintiff admits that there were negotiations between the parties with respect to the Agreement. However, due to the lack of specificity of the allegations in this paragraph, the Plaintiff has insufficient information and knowledge to respond, and therefore denies the same and leaves the Defendant to its proof.

7) It is denied that the Plaintiff made representations that the products were substantially completed in their development upon execution of the Agreement, the terns if which speak for themselves. As to the remainder of the allegations in this paragraph, due to the lack of specificity, the Plaintiff has insufficient information and knowledge to respond, and therefore denies the same and leaves the Defendant to its proof.

1

8) It is admitted that the Defendant entered into separate agreements with its customers, however, the remainder of the allegations in this paragraph are denied.

9) It is admitted that the Defendant paid the royalty fees after the Agreement was executed and until October of 2021. However, due to the lack of specificity contained in this paragraph, the Plaintiff has insufficient information and knowledge to respond, and therefore denies the same and leaves the Defendant to it is proof.

10) It is admitted that the Defendant stopped paying fees in October of 2021. The remainder of the allegations in this paragraph are denied.

11) Denied.

12) Denied.

13) Denied.

14) It is admitted that the Defendant unilaterally stopped making payments, however, the remainder the allegations in this paragraph are denied.

**Count One**

15) The responses to paragraphs 1 through 14 of the Counterclaim are realleged as responses to paragraphs 1 through 14 of this Count.

16) Denied.

**Count Two**

17) The responses to paragraphs 1 through 14 of the Counterclaim are realleged as responses to paragraphs 1 through 14 of this Count.

18) Admitted.

19) Denied.

20) Denied.

21) Denied.

**Count Three**

22) The responses to paragraphs 1 through 14 of the Counterclaim are realleged as responses to paragraphs 1 through 14 of this Count.

23) Admitted.

24) Denied.

25) Denied.

**Count Four**

26) The responses to paragraphs 1 through 14 of the Counterclaim are realleged as responses to paragraphs 1 through 14 of this Count.

27) Denied.

28) Denied.

29) Denied.

30) Denied.

31) Denied

## Special Defenses

**Breach of Contract (as to Count One and Two)**

1) The Defendant stopped making payments to the Plaintiff as called for by Section 6 of the Agreement in October of 2021.

2) The Defendant failure to make payments was a material breach of the Agreement.

3) As a result of the material breach of the Agreement by the Defendant, the Plaintiff is excused from its obligations to perform pursuant to the Agreement

4) As a result of the Defendant's nonperformance of its obligations under the Agreement and it's the first material breach of the Agreement, the Defendant is barred from seeking recovery for breach of contract.

**Waiver (as to all Counts)**

With respect to any alleged breach of the agreement by the Plaintiff, the Defendant failed to provide the Plaintiff with written notice of any alleged breaches of Agreement and an opportunity to cure as called for by Section 7 of the Agreement. The Defendant therefor waived it rights to pursue its claims and seek damages for any such alleged breach.

**Latches (as to all Counts)**

The Defendant's failure to provide the Plaintiff with prompt notice of any alleged breach in a timely manner so as to allow the Plaintiff an opportunity to cure was unreasonable and inexcusable, and resulted in prejudice to the Plaintiff.

**Equitable Estoppel (as to all Counts)**

The Defendant accepted the Plaintiff's product and services without providing prompt notice breach of the Agreement and an opportunity to cure. The Plaintiff relied upon the Defendant's conduct to conclude that they were the Plaintiff substantially performed their obligations under the Agreement. The Plaintiff changed its position based upon the Defendant's conduct to its detriment because was denied the opportunity to cure any alleged breach so as to substantially perform its obligations under the Agreement. The Defendants are therefore equitably estopped from claiming that the Plaintiff did not substantially perform its obligations under the Agreement or that the Plaintiff breached the Agreement.

**Promissory Estoppel (as to all Counts)**

The Defendant promised to provide the Plaintiff with written notice of any alleged breach of the agreement and an opportunity to cure.

It was and is foreseeable and reasonable for the Plaintiff to rely upon this promise to provide the products and services called for by the Agreement, assuming the Defendant would abide by its promised to provide written notice of any alleged default and an opportunity to cure.

The Plaintiff has therefore been injured by the Defendants failure to satisfy its promise to provide the Plaintiff with written notice of an alleged breach and the opportunity to cure.

The Defendant is therefore estopped from pursuing its claims as a result of its promise to the Plaintiff's reasonable reliance to its detriment.

By: LIFEVOXEL

*Joe Sargent* (signature)

Joseph P. Sargent
CT17779
1595 Black Rock Turnpike
Fairfield CT 06824
T(203) 273-6730
F(203) 659-7360
jps@sargentlaw.net

Certification

I hereby certify that on the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system.

.

Joseph P. Sargent